Petition of CMAX, INC., for a Writ of Mandamus, Petitioner,

v.

Honorable Peirson M. HALL, Chief Judge of the United States District Court for the Southern District of California, Central Division, Respondent.

No. 17227.

United States Court of Appeals
Ninth Circuit.

March 30, 1961.

Phil Jacobson and H. J. Bischoff, Los Angeles, Cal., for petitioner.

Hill, Farrer & Burrill, Los Angeles, Cal., for Petersen Engraving Co.

Before POPE, HAMLIN and KOELSCH, Circuit Judges.

POPE, Circuit Judge.

In this proceeding petitioner seeks a writ of mandamus against the respondent Judge to vacate an order requiring the petitioner, as plaintiff in an action pending in the district court above mentioned, by amendment to its complaint, or by bill of particulars, to furnish the defendant in that case certain specified information.

The petition for the writ discloses that plaintiff's complaint in the district court alleged that petitioner was operating under the regulations of the Civil Aeronautics Board, as an indirect air carrier engaged in the transportation of property as an air freight forwarder in interstate commerce under authorization granted pursuant to such regulations; that it had filed with such Board its printed tariffs showing its rates, rules, classifications, services and charges for such services; that over a designated period of some 41 months during the years 1954 to 1958, the defendant in that action, George R. Peterson, delivered commodities to plaintiff for transportation and forwarding to various distances in the United States; that such shipments were forwarded to distant points by direct air carriers; that the charges for such services under the applicable tariffs of plaintiff were $17,955.38, on which defendant had paid $6,909.08, leaving a balance of $11,046.30 due and unpaid. Judgment was prayed for that amount with interest. The defendant in the action filed a notice of motion for more definite statement pursuant to which the Judge, after hearing, on June 9, 1960, made the order which petitioner here seeks to have vacated by our writ.[1]

---

1. "Now, Therefore, It Is Ordered that plaintiff, within thirty days from date hereof, by amendment to its complaint or by bill of particulars, furnish the following information to defendant as to each shipment upon which it claims that

The order was served on the petitioner as plaintiff in that action on September 23, 1960. On October 3, following, petitioner made a motion to set that order aside. The motion was denied on December 15, 1960. On January 3, 1961, petitioner filed here its motion for leave to file this petition for writ of mandamus and leave was granted on January 6, 1961.

The basis given for the relief sought in this proceeding is that the order here attacked was in effect an order for a bill of particulars; and petitioner notes, correctly, that a motion for a bill of particulars is no longer permissible under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A.[2] The defendant in the action called his motion, which resulted in the court's order, a "motion for more definite statement."

Rule 12(e) provides for a motion for more definite statement but only when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." While the motion asserted that the complaint was subject to these infirmities, it is difficult to find any such vagueness or ambiguity in view of the principles of pleading set up by the rules of civil procedure, which established a system of pleading with simplified and brief forms of complaint.[3] See Nagler v. Admiral Corporation, supra.

But whatever designation was given to the motion, the order was in substance, in fact, and in effect, an order for a bill of particulars and hence as such inappropriate. The matters there sought to be produced were evidentiary in character and not necessary or appropriate for pleading under the system of pleading provided by the Federal Rules.

It seems plain here that the defendant in the action in the district court mistook his remedy and failed to adopt a method plainly prescribed by the rules for production of information respecting these evidentiary matters which he was entitled to use and employ. Rule 33 of those rules, relating to "Interrogatories to Parties" would have provided the defendant a means of obtaining all of the information which he sought, and this without the necessity of applying for any court order.

We find it wholly unnecessary to determine the question whether the respondent court was in error in making the order here referred to for even if it be assumed that the court ought not to have issued the order, that does not settle the question of the right of the peti-

---

the charge made and shown upon the invoice therefor was less than the proper charge as fixed by its tariffs as filed with the Civil Aeronautics Board, to-wit:

1. The name of each carrier, shipper or transportation agency over or by which such shipment was forwarded, carried, transported or delivered to its destination.

2. The date of shipment, invoice, or air bill number, the amount and rate actually charged defendant by plaintiff, the amount and rate which plaintiff now claims should have been charged defendant, the nature of the commodities shipped and the points of receipt and destination of each and every shipment.

It Is Further Ordered that defendant shall have twenty days within which to plead after said complaint has been amended or said bill of particulars has been furnished, as above directed."

2. For a discussion as to why the bill of particulars was abolished by the 1946 amendment to that rule, see Moore's Federal Practice, 2nd ed., Vol. 2, ¶12.17, and see Vecchia v. Fairchild Engine & Airplane Corp., 2 Cir., 171 F.2d 610, 612; Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319, 324.

3. See for example Form 5 in the Appendix of Forms attached to the Rules, 28 U.S. C.A., where the allegation of the claim is in one sentence reading as follows: "Defendant owes plaintiff ten thousand dollars for goods sold and delivered by plaintiff to defendant between June 1, 1936 and December 1, 1936." It would appear that the complaint filed here would be no more difficult to answer than the one in Form 5. It could hardly be argued that defendant was without sufficient knowledge to enable him to determine whether to admit some portion of the alleged undercharges and hence that he could not frame an answer, for Rule 8(b) expressly provides for an answer that defendant is "without knowledge."

tioner to resort to the extraordinary remedy of mandamus to correct the order. It is not the practice of a federal appellate court to issue such writ if it appear that the person aggrieved by such an order has another remedy, and particularly if he may obtain relief by way of an appeal. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185. Only when appellate review will be defeated if the writ does not issue is it proper. Essentially it issues only in aid of this court's jurisdiction, present or potential. Cf. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377.

Apparently it is the theory of the petitioner that when this order was made, which included the provision that the defendant should have 20 days to plead after the complaint had been amended, the court as a practical matter had effectively blocked any opportunity for the petitioner to get his case at issue and have it tried. He then argues that this order amounted in substance to a refusal of the trial judge to go ahead with the case or let it proceed and hence the writ is necessary to preserve or aid the appellate jurisdiction of this court.

It is true that the petition here alleged that petitioner is unable to comply with that portion of the order of June 9, 1960, requiring it to furnish the defendant with the name of each carrier, shipper or transportation agency over or by which shipment was forwarded. This, the petition alleges, is established or set forth in an affidavit of one Beeler which was attached to the motion to set aside the June 9 order. That affidavit set out a statement purportedly made in an effort to comply with the court's order to show the names of direct air carriers whose services were utilized by plaintiff in transporting shipments of the defendant. It lists such

shipments for the months of January, February and March, 1956; January, February and March, 1957, and July and August, 1958. For the most part the statement gives the names of the so-called "direct air-carriers" utilized; but in approximately ten percent of the cases the affiant who undertook the job and was specially qualified for that purpose, was unable to obtain from the plaintiff's records the name of the carrier which was sought for the shipment. The affidavit also shows that to complete the examination of all the records would have involved an expense of approximately $300 for work and labor.[4]

It seems to us that there is nothing in this record to show that if the petitioner had completed the task of compiling statements of the character here described, and made the showing that it lacked information to supply the names which were missing in approximately ten percent of the shipments involved, the court would have held that petitioner had not substantially complied with the court's order and would then have applied a sanction by way of dismissal of plaintiff's action. We cannot assume an unreasonable requirement of what is impossible. We think it would be consistent with the record here to assume that the court would have accepted as a compliance the furnishing of all information of the character required which petitioner could reasonably supply.

Again, it would seem reasonable to assume that had the petitioner, following the order of June 9, 1960, announced to the court that either because it regarded the order as erroneous or because it found compliance impossible, it declined to make the amendment called for by the order and elected to stand upon its complaint as filed, the court then, if it still insisted upon its order, would have had no option but to strike the pleading as provided by Rule 12(e), and when plaintiff still stood upon its

---

4. That expense would be required seems irrelevant. If plaintiff went to trial it would have to provide the same informa-tion at the same cost. Compare Moore's Federal Practice, 2nd Ed., Vol. 4, § 33.20.

740

pleading, dismiss the action and thus make a final and appealable order. Upon an appeal from such an order of dismissal this petitioner would have full opportunity to present its contention that the court's order was erroneous and in excess of its power and authority.

Instead of taking such steps which it seems to us were open to it, petitioner, shortly after September 23, 1960, when it first received notice of the July 9, 1960 order, proceeded on October 3, 1960 to file its notice of motion to set aside the July 9, order. After that motion had been denied on December 15, 1960, the petitioner followed 19 days later with the presentation of its present petition for writ of mandamus in this court. It would appear to us that by taking these several steps so speedily the petitioner rather effectively prevented itself from ever reaching a position where it could announce to the court that it declined to comply with the court's order and thereby force the court to take steps leading to the dismissal of the action and the entry of an appealable final order.

For these reasons we are necessarily led to the conclusion that we are without authority to grant the writ prayed for. It is therefore denied and the proceedings dismissed.

(Endorsed) Order on Motion for Leave to File Petition for Writ of Mandamus and Petition for Writ of Mandamus Filed March 30, 1961.