**UNITED STATES of America**
v.
**Anthony DeRAMO, Appellant.**
**Nos. 18277/78.**

United States Court of Appeals,
Third Circuit.

Submitted on Briefs May 8, 1970.

Decided May 27, 1970.

Anthony DeRamo, pro se.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Defendant was charged in the Western District of Pennsylvania in two complaints with transporting obscene literature in interstate commerce, (18 U.S.C. § 1462(a)). After he was held for the grand jury by the United States Commissioner, he filed a civil action in the District Court of the Western District of Pennsylvania to suppress certain evidence. While this was under considera-

tion by Judge Rosenberg, the government, without notice to defendant, filed motions in the criminal actions to dismiss the complaints because an indictment had been returned and was listed for trial in the Eastern District of New York charging defendant and nine others with offenses involving the same facts. These motions were presented to Chief Judge Gourley who entered ex parte orders dismissing the complaints. Defendant filed motions to revoke the orders, which Chief Judge Gourley denied and defendant appeals.[1]

The orders terminating the criminal actions in the Western District of Pennsylvania and dismissing the complaints because of the pending indictments returned in the Eastern District of New York on the same facts lack finality and therefore are not appealable. See Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), which we believe was not drained of its vitality by Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). *Klopfer* assumed finality in the grant of a motion for a nolle prosequi "with leave." Although the order there did not terminate the proceedings, it suspended the prosecution, leaving it to the prosecutor to reinstate it at any time in the future, no matter how far off, and tolled the statute of limitations in the meantime. This unlimited suspension of the prosecution, leaving the indictment still valid and overhanging him, invaded the defendant's right under the Sixth Amendment to a speedy trial. Review of the order which invaded defendant's constitutional right was the only means by which his right could be protected. Here these dismissals are preliminary rather than final, and amount in effect to no more than a transfer from the Western

---

1. Defendant was also ordered removed to the Eastern District of New York on the basis of a bench warrant issued by that court. He filed a petition for writ of habeas corpus to challenge that removal order. The writ was denied by the district court on December 12, 1969. Defendant appealed, but this separate proceeding (United States ex rel. DeRamo

v. Furka, No. 18,542) has not yet come before this court for decision.

The government mistakenly asserts that defendant's appeal from the denial of his habeas corpus petition was consolidated with the present appeals. The consolidation was only of the two appeals from the two orders dismissing the complaints.

District of Pennsylvania to the Eastern District of New York where the final disposition of the prosecutions will be made and ultimate review may be sought.

The appeals will be dismissed for lack of finality of the orders of the district court.

 Defendant has requested that if we find the orders non-appealable, we should consider his appeals as a petition for a writ of mandamus. So considering the appeals, we find no reason for the issuance of mandamus in the circumstances of this case. See Parr v. United States, supra, 351 U.S. at 520–521, 76 S. Ct. 912.