UNITED STATES of America,
Petitioner,

v.

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF
TEXAS, Respondent.

No. 74–2480.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1974.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, J. Stanley Pottinger, Asst. Atty. Gen., Civil Rights Div., Thomas M. Keeling, Brian K. Landsberg, Deputy Chief, Education Section, Washington, D. C., for petitioner.

Owen D. Cox, Judge, for respondent.

Richard A. Hall, J. W. Gary, Corpus Christi, Tex., for Gregory-Portland, etc.

Before BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

ORDER:

The request for a writ of mandamus or a writ of prohibition is denied.

The alternative petition of the United States of America requests either

(1) a writ of prohibition ordering the District Court for the Southern District of Texas to dissolve a preliminary injunction issued by Judge Owen D. Cox in the case of Gregory-Portland Independent School District et al. v. Texas Education Agency et al., C.A. No. 73–C–175 (S.D.Tex.) and to dismiss that suit, or

(2) a writ of mandamus directing that court to transfer that case under 28 U.S.C.A. § 1404(a) to the District Court for the Eastern District of Texas (Tyler Division).

The Eastern District Court is presently exercising continuing supervision of the desegregation injunction entered in United States v. Texas, 321 F.Supp. 1043 (E.D.Tex.1970), 330 F.Supp. 235 (E.D.Tex.), modified, 447 F.2d 441 (5th Cir.), cert. denied, 404 U.S. 1016, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972).

While the Texas Education Agency is a party defendant in both the Southern District suit and the Eastern District suit, the United States is not a party to this suit which it seeks either to prohibit or to transfer to the Eastern District Court where it is a party defendant.

Traditionally mandamus has been available only to confine an inferior court to a lawful exercise of its prescribed jurisdiction. Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). It is not to be used as a substitute for appeal. Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). This is so even though hardship may result from delay or a perhaps unnecessary trial. The writ is appropriately issued when there is a usurpation of judicial power or a clear abuse of discretion. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953). The power to issue the writ is discretionary and is sparingly exercised. It is a drastic and extraordinary remedy and is reserved for really extraordinary causes. Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956).

We deny the extraordinary relief here requested for two reasons. *First*, we have found no authority, nor has any been cited to us by the United States, which would allow a non-party standing to seek a writ of mandamus or prohibition in circumstances such as presented in this case. *Second*, even if standing existed, we do not believe that the government has shown a "clear and indisputable" right to the extraordinary writ. *See* Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). The Southern District Court has expressly disavowed any intent to contravene the mandate in United States v. Texas, the suit pending in the Eastern District. The two cases need not inevitably be in conflict, and, thus, we do not see where our supervisory intervention into the district court proceeding is required.