[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15131
Non-Argument Calendar

_____

D. C. Docket No. 04-20573-CV-ASG

STEPHAN JAY LAWRENCE,

Plaintiff-Appellant,

versus

UNITED STATES BANKRUPTCY COURT,

Defendant,

ALAN L. GOLDBERG, Trustee,

Trustee-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 19, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Stephen Jay Lawrence appeals the dismissal of his petition for a writ of mandamus or prohibition to the bankruptcy court. He also appeals an order closing his case and directing that no further filings from Lawrence be docketed with the district court. We affirm both the dismissal of his petition and the order closing the case.

## I. BACKGROUND

Lawrence is currently incarcerated for civil contempt based on his failure to comply with an order of the bankruptcy court to turn over the res of an inter vivos trust to the trustee. See In re Lawrence, 279 F.3d 1294 (11th Cir. 2002). Lawrence may be held in custody until the sanctions "lose their coercive effect." Id. at 1300. Lawrence moved in the bankruptcy court to determine whether his incarceration continued to have coercive effect, and in June 2003 the bankruptcy court held a hearing on the motion.

In March 2004, before the bankruptcy court ruled on the motion, Lawrence filed a petition for a writ of mandamus or prohibition. The petition raised a variety of constitutional and statutory claims that sought to invalidate the underlying civil contempt order. The district court stayed the petition until resolution of Lawrence's June 2003 motion in the bankruptcy court. In June 2004, the bankruptcy court held that Lawrence's incarceration continued to have a coercive

2

effect and denied the motion. The district court then dismissed Lawrence's petition for a writ of mandamus or prohibition and ordered the case closed.

After his petition was dismissed, Lawrence filed duplicate motions for stay and reconsideration. The district court denied those motions. The court further directed the Clerk of Courts "not to docket any further filings from petitioner Stephan Jay Lawrence."

## II. STANDARD OF REVIEW

This Court reviews de novo the dismissal of a petition for a writ of mandamus or prohibition. Lifestar Ambulance Serv., Inc. v. Dep't of Health and Human Servs., 365 F.3d 1293, 1295 (11th Cir. 2004). The order prohibiting further filings by Lawrence is reviewed for abuse of discretion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

## III. DISCUSSION

Lawrence raises two issues on appeal. First, Lawrence argues that his petition for a writ of mandamus or prohibition was erroneously dismissed. Second, he argues that that the order that closed his case violates his fundamental right of access to the courts.

### A. Petition for a Writ of Mandamus or Prohibition

In his petition for a writ of mandamus or prohibition, Lawrence contended that the bankruptcy court denied him due process and violated several of his civil

3

rights, but we need not reach the merits of these arguments.  Lawrence's petition, on its face, failed to satisfy the elements for either of these extraordinary writs.  We address each writ in turn.

## 1.  Writ of Mandamus

The writ of mandamus is an extraordinary remedy, and it is "appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff, and (2) the plaintiff has exhausted all other avenues of relief."  Lifestar Ambulance Serv., 365 F.3d at 1295; see also 28 U.S.C. §1361; Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S. Ct. 2013, 2022 (1984).  The first part of this test can be satisfied only when the plaintiff seeks to confine the lower court to its jurisdiction or to compel it to perform ministerial functions.  In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (citing In re Evans, 524 F.2d 1004, 1007 (5th Cir. 1975)).  The second part requires a showing that the plaintiff has no alternate avenue of relief.  Lifestar Ambulance Serv., 365 F.3d at 1295.

Lawrence's petition failed to establish either of these two elements for mandamus relief.  First, because Lawrence's release from custody is dependent on a finding by the bankruptcy court that his incarceration has lost its coercive effect, the responsibility of the bankruptcy court is discretionary, not ministerial.  See CFTC v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992).  Second, Lawrence had an alternate avenue of relief:  a direct appeal of the ruling of

4

the bankruptcy court. The district court properly dismissed Lawrence's petition for a writ of mandamus.

## 2. Writ of Prohibition

The requirements for a writ of prohibition are similar to those for mandamus. A court may issue a writ of prohibition where a lower court has "assum[ed] jurisdiction of a matter beyond its legal cognizance." Smith v. Whitney, 116 U.S. 167, 176, 6 S. Ct. 570, 574 (1886). The writ should not be issued when the plaintiff has an adequate alternative remedy. See In re Centrotextil, 620 F.2d 690, 691 (8th Cir. 1980). The writ of prohibition, like the writ of mandamus, is an extraordinary writ, and the power to issue it should be "sparingly exercised." See Parr v. United States, 351 U.S. 513, 520, 76 S. Ct. 912, 916 (1956).

Lawrence failed to establish either of the requirements for a writ of prohibition. The bankruptcy court did not exceed its jurisdiction, and the opportunity for direct appeal of the order of the bankruptcy court provided Lawrence with an adequate alternative remedy. The district court properly dismissed the petition for a writ of prohibition.

## B. Order Closing Case

The order closing Lawrence's case and directing that further filings not be docketed with the district court did not violate his constitutional rights. "[D]istrict

5

courts enjoy broad discretion in deciding how best to manage the cases before them." Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997). Although that discretion must yield to a civil litigant's due process right to a meaningful opportunity to be heard, Boddie v. Connecticut, 401 U.S. 371, 379, 91 S. Ct. 780, 787 (1971), the district court did not abuse its discretion in closing Lawrence's case.

Lawrence still has access to the courts. He remains able to move the bankruptcy court for review of the civil contempt order, and he may appeal an adverse order of the bankruptcy court to the district court. Lawrence also may appeal an adverse order of the district court to this Court.

## IV. CONCLUSION

The district court properly dismissed Lawrence's petition and did not abuse its discretion when it ordered Lawrence's case closed.


**AFFIRMED**.