**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry DANIEL, Defendant—Appellant.**

**Nos. 05–50075, 05–50079.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Jan. 26, 2006.

Michael E. Lasater, Esq., USSD—Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kurt D. Hermansen, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and

SEDWICK,* District Judge.

## MEMORANDUM **

Defendant Larry Daniel appeals from the district court's dismissal without prejudice of two no-bail bench warrants and Orders to Show Cause ("OSCs"). We dismiss the appeal for lack of appellate jurisdiction.

Daniel was serving a five-year term of supervised release set to expire on January 21, 2005. On August 20, 2004, the United States Probation Office filed petitions to revoke Daniel's term of supervised release on the basis of allegations that he committed serious crimes in violation of the release terms. On August 24, 2004, the district court issued OSCs and two no-bail bench warrants. The warrants were executed in Las Vegas, Nevada, on November 3, 2004. Following a series of delays and continuances, a contested hearing was scheduled for January 18, 2005. At that time, the district court denied Daniel's motion to dismiss the OSCs and warrants with prejudice. It granted the government's motion to dismiss without prejudice, and promptly re-issued the OSCs and warrants, supported by the required oath and affirmation. These lawful warrants remained outstanding, pending the trial in state court on the criminal charges. Daniel was then taken into state custody for trial and the district court retained jurisdiction to adjudicate his supervised release revocation pursuant to 18 U.S.C. § 3583(i).

No final revocation order has issued. There is accordingly no final judgment to support our appellate jurisdiction. *See* 28 U.S.C. § 1291. That statute provides: "The courts of appeals ... shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States ..." 28 U.S.C. § 1291 (emphasis added). The United States Supreme Court has established that the final judgment in a criminal case is the sentence. *Parr v. United States,* 351 U.S. 513, 519, 76 S.Ct. 912, 100 L.Ed. 1377 (1956) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

Our Circuit has held that an order is final under 28 U.S.C. § 1291 "if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Way v. County of Ventura,* 348 F.3d 808, 810 (9th Cir.2003) (*citing United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir.2000)). The district court's dismissal without prejudice and subsequent re-issuance of the OSCs and warrants is neither a full adjudication of the issues in this case nor the final act of the district court because the district court must still adjudicate the merits of Daniel's supervised release revocation. Only after that decision is final will this court properly have jurisdiction to hear Daniel's challenge.

**DISMISSED.**

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.