**UNITED STATES of America**

v.

**Mary Louise Denese SLAEY.**

**Criminal Action No. 05–704–2.**

United States District Court,
E.D. Pennsylvania.

April 25, 2007.

Jack L. Gruenstein, Kathleen M. Nagle, Vaira & Riley PC, Philadelphia, PA, for Mary Louise Denese Slaey.

Catherine Votaw, Kenya S. Mann, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

## MEMORANDUM

BARTLE, Chief Judge.

The defendant, Mary Louise Denese Slaey, has moved for the payment of attorney's fees and litigation expenses under the so-called Hyde Amendment, 18 U.S.C. § 3006A (statutory note). She contends that the Government's position against her in this criminal action was vexatious, frivolous or in bad faith. The Government maintains that the motion is out of time and, in the alternative, vigorously contests the motion on the merits.

In December, 2005, Slaey was indicted in the Eastern District of Pennsylvania on one count of conspiracy to make false claims to the United States on government contracts in violation of 18 U.S.C. § 286, one count of submission of false claims to the United States in violation of 18 U.S.C. § 286, and five counts of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(A). On April 26, 2006, after an evidentiary hearing, the court granted defendant's motion to suppress evidence seized from Slaey's office. *United States v. Slaey,* 433 F.Supp.2d 494 (E.D.Pa.2006). The Government did not appeal the court's decision.

Eleven days before trial was to commence, the Government moved to dismiss all counts of the indictment. In her cover letter to the court, the Assistant United States Attorney stated that if the court granted the Government's motions,[1] "this should resolve the above-captioned prosecution of defendant Slaey in this District." On August 21, 2006, the court entered an order, as requested by the Government, dismissing Counts I and III through VII without prejudice and Count II with prejudice.

While the case had come to an end in this court as a result of our August 21, 2006 Order, further review occurred elsewhere. The United States Attorney's Office in the Eastern District of Pennsylvania referred the matter to the United States Attorney's Office in the Eastern District of Virginia where Slaey's office was located and where the suppressed evidence had been seized. This referral was made known to Slaey and her counsel, who was in contact with the federal prosecutors in Virginia. After some months, that Office declined to prosecute Slaey on the counts that this court had dismissed without prejudice. Slaey was advised of its decision in mid-February, 2007.

The pending motion for attorney's fees and expenses was filed in this court on March 20, 2007. The Government first contends that the motion is out of time.

The Hyde Amendment provides:

During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the

---

defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code ....

Pub.L. 105–119, Title VI, § 617, Nov. 26, 1997, 111 Stat. 2519.

The Hyde Amendment incorporates the procedure and limitations set forth in the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The portion of § 2412 relevant for present purposes reads:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed ....

28 U.S.C. § 2412(d)(1)(B).

Thus, a motion under the Hyde Amendment by a prevailing party such as Slaey must be submitted "within thirty days of final judgment in the action." A final judgment under the statute means a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). In a criminal action, a defendant must generally file a

notice of appeal within ten days after an appealable order is entered or within ten days after the Government files any notice of appeal, whichever is later. *See* Rule 4(b) of the Federal Rules of Appellate Procedure. The Government's appeal period is thirty days. *Id.* The thirty day period allowed for filing a motion under the Hyde Amendment does not begin to run until any appeal period for the final judgment has expired. *See United States v. Ranger Elec. Commc'ns, Inc.,* 210 F.3d 627, 631–34 (6th Cir.2000), overruled on other grounds, *Townsend v. Comm'r of Soc. Sec.,* 415 F.3d 578 (6th Cir.2005).

In this case, the court dismissed the indictment pursuant to its Order of August 21, 2006. The Government maintains that the time for submitting the Hyde Amendment motion began to run at the latest thirty days later, that is, on September 20, 2006 and expired thirty days thereafter, that is, on October 20, 2006. Consequently, the filing deadline would have passed long before March 20, 2007, the date when the motion was filed.

Defendant rejects this analysis. She argues that the August 21, 2006 Order cannot be considered a final judgment under the Hyde Amendment because it dismissed without prejudice some counts of the indictment. Instead, the defendant relies on 18 U.S.C. § 3288 which provides:

Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, ... which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was

the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

It is not disputed that the Government's authority to refile charges lapsed on February 20, 2007, six months after this court's August 21, 2006 dismissal Order. Defendant asserts that the clock for filing her motion did not begin to run until that point. If defendant is correct, her motion is timely.

The Supreme Court has emphasized that a final judgment under the EAJA, which is incorporated into the Hyde Amendment, means "a final judgment entered by a court of law." *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Slaey in essence is arguing that the expiration of the statute of limitations under 18 U.S.C. § 2388 is the trigger which starts the time for the filing of a Hyde Amendment motion. We are not persuaded. The point at which a time bar takes effect is not the entry of a judgment by a court of law.

Moreover, if a defendant had to await the expiration of the statute of limitations to achieve finality where there is a dismissal without prejudice, it could be years, if ever, after the dismissal order before a motion for attorney's fees and expenses might be ripe. Generally, the statute of limitations in criminal matters is five years. 18 U.S.C. § 3282(a). In some cases, however, it is ten and even twenty years. *See e.g.,* 18 U.S.C. §§ 3294, 3295 and 3298. In still other instances, there is no statute of limitations at all. *See* 18 U.S.C. §§ 3281 and 3299. Further complicating matters, the statute might run at different times for different counts in a dismissed multi-count indictment. Where, as here, one count was dismissed with prejudice, a defendant could face the burdensome task of filing separate Hyde Amendment motions for separate counts to avoid a time bar. Using the statute of limitations as the benchmark leads to an unreasonable and onerous result. *See United States v. Gardner,* 23 F.Supp.2d 1283, 1292–93 (N.D.Okla.1998).

■ Slaey further argues that the court's August 21, 2006 Order was not a final judgment because it dismissed six of the seven counts of the indictment without prejudice and only one with prejudice. In support, Slaey relies on *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956) and *United States v. DeRamo,* 426 F.2d 779 (3d Cir.1970). Both decisions, however, were handed down long before the passage of the Hyde Amendment and deal only with finality for purposes of taking an appeal. Putting aside the issue of appealability, it cannot be doubted that the August 21, 2006 Order ended the action here in the United States District Court for the Eastern District of Pennsylvania. The United States Attorney's Office in this District had concluded that the matter was "resolved" here, that is, it would proceed no further with the case. Simply because it passed the matter on for review and investigation to its counterpart in the Eastern District of Virginia does not change the result in this court. The August 21, 2006 Order, for Hyde Amendment purposes, is in our view a final judgment. Otherwise, Slaey would be precluded from ever seeking attorney's fees and expenses for any vexatious, frivolous, or bad faith conduct on the part of the Government, for there is no other "final judgment entered by a court of law" as required by the Supreme Court under *Melkonyan.*

■ We now turn to the issue of appealability. Under the EAJA, the time to file a Hyde Amendment motion does not begin to run until the final judgment is "not

appealable." In some criminal cases, of course, the final judgment may never be appealable, such as a judgment following a verdict of not guilty. Thus, the Hyde Amendment cannot be read to require that the final judgment must always be one from which a party may take an appeal. The important point is that the time for filing a motion under the Hyde Amendment does not commence until the appeal period, *if any*, following the final judgment has elapsed. If the final judgment is one that is not subject to appeal, the time for filing the motion begins to run once the final judgment is entered. We need not decide here if the August 21, 2006 Order was appealable. Either way, the deadline for filing a Hyde Amendment motion had clearly passed prior to March 20, 2007.

Because the pending motion was out of time when it was filed on March 20, 2007, we do not reach the question whether the position of the Government in this action against Slaey was vexatious, frivolous or in bad faith. Accordingly, the motion of Slaey for the payment of attorney's fees and litigation expenses will be dismissed.

### ORDER

AND NOW, this 25th day of April, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Mary Louise Denese Slaey for reasonable attorney's fees and costs (Docket Nos. 63 and 64) is DISMISSED as out of time.