**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30300 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00053-TMB-2 |
| v. | |
| SABIL MUMIN MUJAHID, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 7, 2012[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and FITZGERALD, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael W. Fitzgerald, United States District Judge
for the Central District of California, sitting by designation.

Alaska state prisoner Sabil Mumin Mujahid ("Mujahid") appeals the district court's dismissal of an indictment without prejudice, pursuant to Fed. R. Crim. P. 48(a). Mujahid contends that the district court abused its discretion in failing to dismiss the indictment with prejudice, pursuant to Fed. R. Crim. P. 48(b). We hold that Mujahid's appeal must be dismissed for lack of jurisdiction.

Mujahid lacks standing to appeal the district court's order because he was not aggrieved by the dismissal of the indictment pending against him. "Only one injured by the judgment sought to be reviewed can appeal, and . . . petitioner has not been injured by termination in his favor." *Parr v. United States*, 251 U.S. 513, 516–17 (1956). Although Mujahid may be subject to further prosecution, this threat alone is insufficient to establish standing. *Id*. at 517.

Even if we had jurisdiction under 28 U.S.C. § 1291 we would deny Mujahid's claim on the merits. A district court is "duty bound" to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless "it specifically determines that the government is operating in bad faith" in pursuing the motion. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). A district court may also deny the government's motion if the dismissal is "prompted by considerations clearly contrary to the public interest" or if there is a genuine concern that the defendant would be subjected to "prosecutorial

2

harassment" through "charging, dismissing, and recharging." *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988).

There are no allegations or facts in the record suggesting that, in seeking dismissal of the indictment, the prosecutor sought to obtain improper tactical advantage or was motivated by a desire to harass Mujahid. Under these circumstances, the district court correctly determined that the public interest would be served by granting the dismissal, and that the dismissal did not violate Mujahid's rights to a speedy trial under the Sixth Amendment or to due process under the Fifth Amendment.

In light of these holdings, we DISMISS the appeal for lack of jurisdiction.