TOSCO CORPORATION, Petitioner,

v.

The Honorable Luther B. EUBANKS, Judge of the United States District Court for the Western District of Oklahoma, Respondent.

No. 10–35.

Temporary Emergency Court of Appeals.

Argued June 17, 1981.

Decided Aug. 7, 1981.

Kenneth L. Bachman, Jr., Cleary, Gottlieb, Steen & Hamilton, Washington, D. C. (Sara D. Schotland, Eugene M. Goott and Mark N. Duvall, Washington, D. C., on the brief), for petitioner Tosco Corp.

David W. Caruthers, Baltimore, Md., of counsel, on the brief for amicus curiae Crown Central Petroleum Corp.

Edwin Jason Dryer and Michael R. Bromwich, Foley, Lardner, Hollabaugh & Jacobs, Washington, D. C., on the brief for amicus curiae Independent Refiners Ass'n of America.

Robert S. Hall, Jr., Washington, D. C., on the brief for amicus curiae Caribou Four Corners, Inc.

Perry O. Barber, Jr., and James W. Shaddix, Houston, Tex., of counsel, and R. Gordon Gooch, John P. Mathis, John K. McDonald and Catherine C. Wakelyn, Baker & Botts, Washington, D. C., on the brief for intervenor Pennzoil Co.

David Galbraith, Washington, D. C., on the brief for amicus curiae Commonwealth Oil Refining Co., Inc.

Thomas W. Houghton, Everard A. Marseglia, Jr., and Richard J. Leidl, Butler, Binion, Rice, Cook & Knapp, Washington, D. C., Raymond L. Falls, Jr., Thomas R. Jones and John A. Shutkin, Cahill, Gordon & Reindel, New York City, on the brief for amicus curiae Navajo Refining Co.

Nancy C. Crisman, Thomas H. Kemp, Arthur S. Weissbrodt and Marcia K. Sowles,

U. S. Dept. of Energy, Washington, D. C., on the brief, for respondent U. S. Dept. of Energy.

William J. Mutryn, Casson, Calligaro & Mutryn, Washington, D. C. (Robert L. Dumont and Barry S. Landsberg, Washington, D. C., on the brief), for respondent Oklahoma Refining Co.

Before METZNER, MAXWELL and LACEY, Judges.

METZNER, Judge.

Tosco Corporation (Tosco) petitions for a writ of mandamus to vacate a preliminary injunction issued by Judge Eubanks in *Oklahoma Refining Company v. Department of Energy* (W.D.Okla.). That injunction bars DOE from publishing any further entitlements notices until a mechanism is developed to assure that funds will remain available to satisfy any grant of exception relief to Oklahoma Refining. Tosco was not a party to the proceeding below.

Petitioner is a seller under the entitlements program. It argues that if notices for January are held up pending resolution of other issues (see opinion filed this day in *Mobil Oil Corporation v. Department of Energy, et al.,* 659 F.2d 150), it will suffer delay in realizing expected revenues from the sale of its entitlements. We find that the issuance of the writ would not be appropriate.

■ Mandamus is a drastic and extraordinary remedy. "Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal litigation." *Allied Chemical Corp., Inc. v. Daiflon,* 449 U.S. 33, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Consequently, the writ may issue only where the petitioner has no other adequate means to obtain relief. *Allied Chemical Corp., Inc. v. Daiflon, supra; Kerr v. U. S. District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Whatever may be done without mandamus should not be done with it. *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

■ Tosco cannot complain that it was without a remedy. Having intervened or appeared as amicus curiae in similar actions around the country, Tosco could have intervened in the action before Judge Eubanks, but chose not to.[1] Intervention would have preserved its access to appellate jurisdiction by certification pursuant to 28 U.S.C. § 1292(b) (Economic Stabilization Act of 1970 § 211(d)(2), 12 U.S.C. § 1904 note). This is the preferred method of procedure. 9 J. Moore, Federal Practice ¶ 110.28 at 309 (2d ed. 1980). Consequently, this is not an extraordinary situation justifying the issuance of the writ.

The cases relied on by Tosco are not helpful. They involve the question of standing to bring mandamus by media organizations which never could be parties to the original litigation. In those cases, the organizations were protesting district court orders which restricted their access to parties and participants in the proceedings below. *See, e. g., Central South Carolina Chapter v. Martin,* 556 F.2d 707 (4th Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 771 (1978); *United States v. Sherman,* 581 F.2d 1358 (9th Cir. 1978); *CBS Inc. v. Young,* 522 F.2d 234 (6th Cir. 1975). *See also United States v. United States District Court, Southern District of Texas,* 506 F.2d 383 (5th Cir. 1974).

The writ is denied.[2]

---

1. Tosco did send letter communications to Judge Eubanks in connection with the application by Oklahoma Refining Company for a preliminary injunction. This, of course, may not be considered as intervention.

2. This court permitted Tosco to file briefs as intervenors in the direct appeal in *Mobil Oil Corporation v. Department of Energy,* which considered the matters of substance in which Tosco was interested.