**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesse ARZATE, Defendant-Appellant.**

**No. 76–1511
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1977.

Jesse Arzate, pro se.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., James Rolfe, Judith A. Shepherd, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

Jesse Arzate was convicted of conspiracy to distribute heroin. We affirmed his conviction and sentence without opinion. *U. S. v. Arzate,* 5 Cir. 1974, 505 F.2d 733. Thereafter, Arzate filed a motion for new trial in the district court alleging perjured testimony by a government witness at his trial. After a hearing, the district court granted the motion for a new trial. On February 9, 1976, the scheduled date of the new trial, the government moved to dismiss the indictment. Arzate opposed the motion, contending he should be granted a judgment of acquittal. The district court permitted the dismissal, and Arzate now attempts to appeal.

Rule 48(a), Fed.R.Crim.P., allows the government to dismiss an indictment, with leave of court, at any time prior to trial. After trial begins, the government's dismissal motion can be granted only with the defendant's consent. In this case trial had not begun, so the defendant's consent was not required.

The order granting the government's pretrial motion to dismiss the indictment is not a final order and is therefore not appealable. *Parr v. U. S.,* 5 Cir. 1955, 225 F.2d 329, affirmed, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956); 28 U.S.C. § 1291. Without a final order or an otherwise appealable decision, we do not have jurisdiction to hear this appeal. It is DISMISSED.