UNITED STATES of America,
Plaintiff-Appellee,

v.

Don MARTIN, Doma Corporation and
Caprock Services Company,
Defendants-Appellants.

No. 81–1290.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1982.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Asst. U.

S. Atty., Dallas, Tex., Ronald C. H. Eddins, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Daniel G. Grove, Washington, D. C., for Don Martin.

Edward A. Mallett, Houston, Tex., amicus curiae, on behalf of Don Martin.

Bill Neal, Vernon, Tex., for Nat. Ass'n of Criminal Defense Lawyers.

Travis D. Shelton, Travis Dale Jones, Lubbock, Tex., for Doma Corp. and Caprock Services Co.

Before CLARK, Chief Judge, and GEE and GARZA, Circuit Judges.

PER CURIAM:

The defendants appeal the district court's dismissal without prejudice of a nine count indictment charging them with mail fraud. They contend the dismissal should have been with prejudice. Because there has been no final decision within the meaning of 28 U.S.C. § 1291, we dismiss for lack of jurisdiction.

The essential facts necessary to understand today's disposition are as follows. The defendants were investigated concerning fraudulent oil transactions. It was alleged that they invoiced a customer for virgin crude oil when in fact they had delivered lesser quality oil. During the course of investigations by the Departments of Energy and Justice and a grand jury, legal counsel for the defendants, Reagan Martin, divulged information implicating his clients. They were subsequently indicted. The district court found Martin's testimony to be a clear breach of the attorney-client privilege. The court granted the defendants' motion to dismiss the indictment, finding that this breach denied the defendants their right to effective assistance of counsel as guaranteed by the sixth amendment, and a denial of due process as guaranteed by the fifth

amendment. However, the dismissal was without prejudice to the government's right to seek a new indictment based on evidence not based on or derived from any breach of the attorney-client privilege. The defendants filed this appeal, asserting that a dismissal with prejudice was the only appropriate remedy for the constitutional violations found. The government also appealed the dismissal of the indictment but withdrew its appeal. It then filed a motion to dismiss the defendants' appeal which we now consider. While that motion was pending before this court, the government obtained a new indictment of Don Martin.[1]

In the context of a criminal prosecution, finality normally comes with the imposition of sentence. *Flynt v. Ohio*, 451 U.S. 619, 101 S.Ct. 1958, 1959, 68 L.Ed.2d 489 (1981); *Parr v. United States*, 225 F.2d 329 (5th Cir. 1955), aff'd, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956). The matter which the dismissed indictment sought to put in controversy here was the defendants' guilt of the crime of mail fraud. *See Parr v. United States*, 225 F.2d at 332. Dismissal of the indictment prevented that issue from being reached. Since it was not reached or decided there is nothing from which to appeal. Whether the dismissal leaves the defendants open to further prosecution or whether the dismissal ought to bar prosecution altogether has no effect on appealability. *Parr v. United States*, 351 U.S. at 517, 76 S.Ct. at 915. Any testing of the dismissal order must abide the outcome of a trial on the issue of guilt. Then, if convicted, the defendants may be aggrieved. *Id. See United States v. Lanham*, 631 F.2d 356 (4th Cir. 1980) (dismissal of indictment without prejudice not appealable, citing *Parr v. United States*). *See also United States v. Arzate*, 545 F.2d 481 (5th Cir. 1977).

The defendants' claim that this situation comes within the collateral order exception to the final judgment rule first announced in *Cohen v. Beneficial Industrial Loan*

---

1. The government moved to dismiss the appeal of the defendant corporations as moot based on the fact that they were not reindicted by the grand jury and would not be prosecuted further by the government. We need not decide this issue.

*Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is untenable. To begin with, the major decisions applying *Cohen* to criminal cases have involved *denials* of motions to dismiss indictments. *See, e.g., United States v. MacDonald,* 435 U.S. 850, 851, 98 S.Ct. 1547, 1548, 56 L.Ed.2d 18 (1978) (denial of motion to dismiss based on speedy trial grounds); *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (denial of motion to dismiss based on double jeopardy grounds). A denial of a motion to dismiss leaves a defendant in the throes of a prosecution. It is therefore distinguishable from a dismissal, the effect of which is to leave the matter as if no suit had been filed. While the denial of a motion to dismiss may leave a defendant aggrieved, a dismissal does not. Arguably, appealability may be undercut by this alone. *See Parr v. United States,* 351 U.S. at 517, 76 S.Ct. at 915.

■ Putting aside the question of "aggrievement," application of the factors announced in *Cohen* does not support jurisdiction here. These factors are: 1) the order must fully dispose of the matter in dispute; 2) the order must not be simply a step toward final disposition of the merits of the case which would be merged in final judgment; rather it must resolve an issue completely separable from and collateral to the cause of action asserted; and 3) the decision must involve an important right which would be lost irreparably if review had to await final judgment. 337 U.S. at 546, 69 S.Ct. at 1225. *See Abney v. United States,* 431 U.S. at 658–59, 97 S.Ct. at 2039–2040 (summarizing the *Cohen* factors). *Abney* found all of the Cohen factors present in order to support appellate jurisdiction. We have disallowed appeals where less than all of the factors were present. *United States v. Rey,* 641 F.2d 222, 224 (5th Cir.), *cert. denied,* 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981).

■ Such a situation is present here. As in *Rey,* the first factor is met—the district court conclusively determined that the defendants' constitutional rights were violated. Likewise, the dismissal of the indict-

ment fully disposed of that indictment. However, neither of the other two *Cohen* factors are present.

■ Defendants complain that the government has obtained evidence from the breach of the attorney-client privilege. The complaint is not well taken. For purposes of appealability, this case is indistinguishable from the denial of a suppression motion. Both situations address the issue of what evidence the government has procured, and how it has procured it. Evidentiary issues in criminal cases are normally intertwined with the basic issue of guilt. *Cohen* requires the dispute to be completely collateral. For this reason appeals may not be taken from the denial of pre-trial motions to suppress evidence. *Di Bella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *Cogen v. United States,* 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); *United States v. Mock,* 604 F.2d 336, 339 (5th Cir. 1979). Because the issue here ultimately concerns what evidence will be used against the defendant, we apply the same rule, even though this case is cast in sixth rather than fourth amendment terms. The defendants assert that the wrongful acts of their attorney, and the government's exploitation of those acts, have prejudiced the conduct of their defense. But this complaint is intertwined with guilt. It is not clearly collateral. *United States v. MacDonald,* 435 U.S. 850, 859, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978) (denial of motion to dismiss on sixth amendment speedy trial grounds not appealable).

*Cohen's* third factor is not met either. The defendants do not claim, nor could they, a right not to be indicted a second time. *Compare Abney v. United States,* 431 U.S. 651, 659–660, 97 S.Ct. 2034, 2040–2041, 52 L.Ed.2d 651 (1977) (the denial of dismissal on double jeopardy grounds is appealable under *Cohen* because the denial order is collateral to guilt and the defendant's right not to be tried twice would be lost absent appeal). Rather, "the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Parr v.*

*United States*, 351 U.S. at 519–20, 76 S.Ct. at 916–917.

Similarly, the defendants' and amicus' claim of government misconduct in knowingly exploiting the breach of the attorney-client privilege is neither separable from the issue of guilt, nor an issue which cannot be dealt with fully and fairly on an appeal from judgment. *United States v. Rey*, 641 F.2d 222, 224 (5th Cir. 1981); *United States v. Gregory*, 656 F.2d 1132, 1135–36 (5th Cir. 1981) (denial of motion to dismiss based on prosecutorial vindictiveness not appealable).

The third factor in *Cohen* requires that the district court's decision involve an important right which would be lost without immediate appellate review. 337 U.S. at 546, 69 S.Ct. at 1225. The defendants argue that they meet this factor because they will be irreparably harmed by the further disclosure of privileged information in a second prosecution, or by further use of information already disclosed. That is not the case. The defendants acknowledge that the dismissal without prejudice left the parties as if no action had ever been filed. The district court explicitly restricted the government in the scope of evidence it could use to seek a second indictment. In terms of trial, the defendants have available to them all the legal tools for preventing unwarranted disclosures that any defendant would have. The proper use of those tools is addressed to the district court during the course of the new proceedings. To the extent damaging disclosures have already been made public, no appeal, now or later, can aid the defendants.

Finally, the defendants argue that they have been greatly inconvenienced by the government's belated motion to dismiss. They contend also that having prepared briefs, both parties' convenience will be served by allowance of this appeal. These arguments miss the mark. This is a court of limited statutory jurisdiction. Neither the convenience of parties nor court may confer the right of review. *United States v. MacDonald*, 435 U.S. at 857 n.6, 98 S.Ct. at 1551 n.6.

APPEAL DISMISSED.