**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John DAY, Defendant-Appellant.**

No. 86–4356.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1986.

John M. Colette, Jackson, Miss., (Court-appointed) for defendant-appellant.

George Phillips, U.S. Atty., Joe M. Hollomon, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GARWOOD, JOLLY and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

The defendant John Day appeals the district court's dismissal without prejudice of a three count indictment charging him with interstate transportation of money obtained by fraud and conspiracy to transport money obtained through fraud between states. Day contends the dismissal should have been with prejudice because the government had previously obtained two dismissals without prejudice of similar indictments. Because there has been no final decision within the meaning of 28 U.S.C. § 1291, we dismiss this appeal for lack of jurisdiction and express no opinion on the merits of Day's arguments.

## I.

Day was indicted initially on August 16, 1985. The August 16 indictment alleged that Day had violated 18 U.S.C. § 2314[1] (transportation counts) on two occasions by transporting money obtained through fraud in interstate commerce sometime during the late summer of 1984. Day was arraigned under this indictment on August 20.

On September 10 a superseding indictment against Day was returned. The September 10 indictment alleged the same transportation counts and added a conspiracy count alleging violation of 18 U.S.C. § 371.[2] The conspiracy count was based upon an alleged agreement between Day and one John Hudson, Jr., in which Day agreed to kill Mississippi businessman Oscar Black III in exchange for monetary payments by Hudson. Following return of the September 10 indictment and Day's rearraignment under this indictment, the government dismissed, with leave of the district court, the August 16 indictment without prejudice pursuant to Fed.R. Crim.P. 48(a).[3]

Day's trial for the charges contained in the September 10 indictment was set for November 4. Prior to the date of trial, Day moved for a continuance, claiming he needed additional time to prepare for trial. The district court accepted Day's waiver of the provisions of the Speedy Trial Act and granted Day's motion for continuance, resetting the trial for January 27, 1986.

On January 24 another superseding indictment against Day was returned. The January 24 indictment contained the same transportation and conspiracy counts but added Carl Bennett as a co-conspirator. Following Day's arraignment under the January 24 indictment, the September 10 indictment was dismissed, again without prejudice pursuant to rule 48(a). Trial of the charges contained in the January 24 indictment was set for March 17.[4]

---

1. Section 2314 provides in part:

   Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;

   * * * * * *

   Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. Section 371 provides in part:

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each

shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. Rule 48(a) provides:

   (a) *By Attorney for Government.*
   The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without consent of the defendant.

   For a general discussion of the purposes and standards of rule 48, see *United States v. Salinas,* 693 F.2d 348 (5th Cir.1982).

4. Day did not object to the dismissals without prejudice of either the August 16 or the September 10 indictments.

On March 11 Day moved for a continuance claiming that he and his attorney were involved in another trial in Mobile, Alabama, and that this trial would not be completed by March 17. The district court denied the motion but reset the trial date to March 19 so as to accommodate Day's situation.[5]

On March 18 the government filed a motion requesting a continuance alleging that it was unable to locate L.C. Cochran a key government witness. The court denied the motion. Faced with this denial, the government moved to dismiss the January 24 indictment pursuant to rule 48(a). The district court granted leave to dismiss but reserved the decision as to whether the dismissal would be with or without prejudice.

After receiving briefs from the parties on the issue, the district court ordered that the March 18 dismissal would be without prejudice. The district court found that while the government's actions indicated less than diligent preparation and judgment, "there [was] no indication that the Government sought the series of indictments and dismissals to harass or embarrass the Defendant Day. No lack of good faith is evident on the part of the Government." [6] Day filed a timely notice of appeal complaining of the district court's order.

## II.

■ As a court of limited jurisdiction, we are charged with the obligation to closely monitor that jurisdiction. Neither the consent nor convenience of the parties, nor the desire of a court to decide a case, can confer the right to review. *See United States v. MacDonald*, 435 U.S. 850, 857 n. 6, 98 S.Ct. 1547, 1551, n. 6, 56 L.Ed.2d 18 (1978). As a threshold issue, we must determine whether this court has jurisdiction to hear Day's appeal. *Parr v. United States*, 351 U.S. 513, 517, 76 S.Ct. 912, 915, 100 L.Ed. 1337 (1956).

■ Section 1291 of Title 28 of the United States Code provides that a federal appellate court has jurisdiction to review a "final judgment" of a district court.[7] It is well settled that an order dismissing a criminal indictment without prejudice is not a "final judgment" under section 1291. *United States v. Martin*, 682 F.2d 506, 507 (5th Cir.), *cert. denied*, 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *United States v. Arzate*, 545 F.2d 481, 481 (5th Cir.1977); *accord United States v. DiBernardo*, 775 F.2d 1470, 1474 n. 8 (11th Cir. 1985); *United States v. Moller-Butcher*, 723 F.2d 189, 190–91 (1st Cir.1983); *United States v. Lanham*, 631 F.2d 356, 358 (4th Cir.1980). As we stated in *Martin:* "Any testing of the dismissal [without prejudice] order must abide the outcome of a trial on the issue of guilt." *Martin*, 682 F.2d at 507. The district court's order that the January 24 indictment be dismissed without prejudice, therefore, is not a final judgment from which an appeal by the defendant may lie.[8]

---

5. On March 14 the district court granted Carl Bennett's motion for severance.

6. The government has indicated that it will reindict Day when its material witness is located.

7. Section 1291 reads:

The courts of appeal (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeal from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

8. While the possibility is not raised by Day in his brief, we also note that a dismissal without prejudice of a criminal indictment does not generally fall within the collateral order exception to section 1291. *Martin*, 682 F.2d at 507–08. For the collateral order exception to exist all of the following factors must be established by an appellant: (1) the order fully disposes of the matter in dispute; (2) the order must not be simply a step toward final judgment; rather it must resolve an issue completely separable from and collateral to the cause of action asserted; and (3) the decision must involve an important right which would be lost irreparably if review had to await final judgment. *Id.* at 508

### III.

For the above reasons, this appeal must be dismissed for want of jurisdiction.

DISMISSED.

(citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). This appeal does not fall within the exception since no important right of Day's is irreparably foreclosed from review. *Martin,* 682 F.2d 507–08 (defendant does not enjoy a right to not be indicted more than once, so long as jeopardy has not attached, and evaluation of dismissal with or without prejudice properly tested on appeal after trial).