**Albert E. MILLS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Vernon L. HOLLAND, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 89–1196, 89–1197.**

District of Columbia Court of Appeals.

Dec. 6, 1989.

Lawrence M. Baskir, appointed by the court, for appellant Mills.

Jensen E. Barber, Washington, D.C., appointed by the court, for appellant Holland.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., for appellee. Carol A. Fortine, Asst. U.S. Atty., Washington, D.C., also entered an appearance for appellee.

Before NEWMAN, TERRY, and SCHWELB, Associate Judges, in chambers.

TERRY, Associate Judge:

Appellants were indicted in the Superior Court for possession of cocaine with intent to distribute it[1] and possession of drug paraphernalia.[2] After they were arraigned, the government extended to each of them an offer of a plea of guilty to a lesser included offense. Some time later a dispute arose as to whether the plea offers had been rejected or withdrawn or whether they were still open. The trial court, after a hearing, found that the offers had been withdrawn, and ruled that appellants had no right to enforce them against the government. *See Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

The government then moved to dismiss the indictment because it had recently obtained a new indictment against these appellants in the United States District Court for the District of Columbia. The charges in the federal indictment were essentially the same as in the Superior Court case, and were based on the same facts. The court, over a defense objection, granted the government's motion. After both defendants appealed from the order of dismissal, the government filed in this court a motion

---

1. D.C.Code § 33–541(a)(1) (1988).

2. D.C.Code § 33–603(a) (1988).

to dismiss their appeals for lack of jurisdiction. We grant the government's motion.

 The Supreme Court held in *Parr v. United States*, 351 U.S. 513, 516–519, 76 S.Ct. 912, 915–16, 100 L.Ed. 1377 (1956), that a defendant may not appeal from a trial court order dismissing an indictment, both because the defendant is not aggrieved by the dismissal and, more fundamentally, because the dismissal is not a final order with respect to the defendant. Several circuits, relying on *Parr*, have likewise refused to allow appeals by defendants from orders dismissing indictments against them. *E.g., United States v. Reale*, 834 F.2d 281, 282 (2d Cir.1987); *United States v. Moller–Butcher*, 723 F.2d 189, 190–191 (1st Cir.1983); *United States v. Martin*, 682 F.2d 506, 507 (5th Cir.), *cert. denied*, 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *United States v. Lanham*, 631 F.2d 356 (4th Cir.1980). We join their company today.

To be sure, this court in the past has allowed the government to appeal from the dismissal of an indictment or information, even a dismissal without prejudice. *See, e.g., United States v. Cummings*, 301 A.2d 229, 231 (D.C.1973); *United States v. Hector*, 298 A.2d 504, 505 (D.C.1972). In those cases, however, an appeal by the government was expressly authorized by statute.[3] No statute gives a corresponding right of appeal to a defendant.

We therefore hold, on the authority of *Parr v. United States, supra*, that these appellants may not appeal from the dismissal of the indictment against them because, as to them, the order of dismissal is not a final order. We need not decide, in addition, whether they have been aggrieved by the dismissal (the alternative holding of *Parr;* see 351 U.S. at 516–517, 76 S.Ct. at

915). If appellants' substantive contentions have merit, they can be raised in the federal court at an appropriate time.[4]

We grant appellants' motion for the appointment of counsel, *nunc pro tunc* as of October 17, 1989, as requested. We grant the government's motion to dismiss these appeals. Other pending motions are denied as moot.

These appeals are

*Dismissed for lack of jurisdiction.*

---

3. D.C.Code § 23–104(c) (1989) provides:
The United States or the District of Columbia may appeal an order dismissing an indictment or information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, except where there is an acquittal on the merits.
A federal statute gives the United States the same right of appeal in the federal courts from the dismissal of an indictment or information

"as to any one or more counts...." 18 U.S.C. § 3731 (1982).

4. We also hold that the dismissal of the indictment is not appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Parr v. United States, supra*, 351 U.S. at 519–520, 76 S.Ct. at 916–17; *United States v. Martin, supra*, 682 F.2d at 507–509.