

# Fourth Court of Appeals
## San Antonio, Texas

July 6, 2021

No. 04-21-00182-CR

Casey Ray **ESCOBAR,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6126
Honorable Michael E. Mery, Judge Presiding

# O R D E R

On June 3, 2019, Appellant Casey Ray Escobar was charged with possession of heroin as a habitual offender in trial court cause number 2019CR6126.  On January 24, 2020, the District Attorney moved to dismiss cause number 2019CR6126 based on the punishment for trial court cause number 2020CR0229.  The trial court signed the dismissal order for 2019CR6126 on the same day.  On May 7, 2021, Appellant Escobar submitted a notice of appeal for trial court cause number 2019CR6126.

A defendant has the right of appeal only following the imposition or suspension of a sentence or following an appealable order.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 26.2(a); *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (iterating that a defendant's appeal must be authorized by law).  Several cases have concluded that a dismissal is not an appealable order.  *Petty v. State*, 800 S.W.2d 582, 583 (Tex. App.—Tyler 1990, no pet.) (citing *United States v. Day*, 806 F.2d 1240, 1242 (5th Cir. 1986); *United States v. Martin*, 682 F.2d 506, 507 (5th Cir. 1982); *United States v. Arzate*, 545 F.2d 481 (5th Cir. 1977)); *Folkes v. State*, No. 01-17-00549-CR, 2018 WL 326428, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2018, no pet.) (mem. op., not designated for publication).  Furthermore, a trial court must certify a defendant's right to appeal if he has the right to appeal, which has not occurred in this case. *Contra* TEX. R. APP. P. 25.2(a)(2).

Even if the dismissal were appealable, "[a] timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). In this case, the notice of appeal was filed a year after the trial court's dismissal. *Contra* TEX. R. APP. P. 26.2(a).

Therefore, we ORDER Appellant to SHOW CAUSE in writing within ten days of the date of this order why this appeal should not be dismissed for want of jurisdiction. If Appellant fails to show cause within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 43.2(f).

All other appellate deadlines in this matter are suspended until further order of this court.

_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of July, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court