907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bob E. BAILES, Petitioner.
 No. 90-1019.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Ross W. Krumm, United States Bankruptcy Judge. (C/A Nos. BK-88-171; BK-88-231; BK-88-253)
 Bob E. Bailes, petitioner pro se.
 W.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bob E. Bailes has petitioned this Court for a writ of mandamus. He seeks a variety of forms of relief, including removal of Judge Krumm from his bankruptcy case, reappointment of himself as the trustee of his estate, and a stay of all proceedings in his bankruptcy case. We deny his petition for a writ of mandamus and dismiss this action.
 
 
 2
 The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. Kerr v. United States, 426 U.S. 394, 402 (1976). Bailes carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). The extraordinary writ of mandamus may not be used to circumvent normal trial and appellate processes. In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir.1979).
 
 
 3
 In this petition Bailes seeks review of numerous bankruptcy court orders, including Judge Krumm's denial of Bailes' motion that he recuse himself. Under 28 U.S.C. Sec. 158 district courts may entertain appeals from interlocutory orders of the bankruptcy courts. Because the district court has jurisdiction to hear Bailes' claims on appeal from the bankruptcy court, we deny Bailes' petition for a writ of mandamus and dismiss this action. If Bailes is aggrieved by the district court's disposition of his appeals from the bankruptcy court, his recourse is to appeal again to this Court, once final orders have been entered by both the district and bankruptcy courts. See In re Looney, 823 F.2d 788, 790 n. 3 (4th Cir.), cert. denied, 484 U.S. 977 (1987).
 
 
 4
 DISMISSED.