**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1191**

In re:  CELESTE G. BROUGHTON,

> Petitioner.

On Petition for Extraordinary Writ. (5:16-cv-00302-RE)

Submitted:  April 19, 2018                    Decided:  April 24, 2018

Before THACKER and HARRIS, Circuit Judges.[*]

Petition denied by unpublished per curiam opinion.

Celeste G. Broughton, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

---

[*] This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (2012).

PER CURIAM:

Celeste G. Broughton petitions for an extraordinary writ requesting that this court vacate an order of the bankruptcy court granting the bankruptcy trustee's motion to sell Broughton's property free and clear of liens and transfer liens to the proceeds of the sale. Federal courts are authorized to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651 (2012). "The power to issue [such writs] is discretionary and it is sparingly exercised." *Parr v. United States*, 351 U.S. 513, 520 (1956). An extraordinary writ should issue in cases where a court has exceeded or refused to exercise its jurisdiction, or where appellate review will be defeated if a writ does not issue. *Id.*

We conclude that Broughton is not entitled to an extraordinary writ for the relief she seeks. *See In re Bailes*, No. 90-1019, 1990 WL 85484, at *1 (4th Cir. June 15, 1990) (no mandamus relief for review of bankruptcy court orders where district court may entertain appeals from bankruptcy court). Accordingly, although we grant leave to proceed in forma pauperis, we deny Broughton's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*