**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4438

DESMOND CHARLES LAWRENCE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-449-DWS)

Argued: October 29, 1999

Decided: January 14, 2000

Before WIDENER and MURNAGHAN, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Dismissed by published opinion. Judge Widener wrote the opinion, in
which Judge Murnaghan and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Allen Bethea Burnside, Assistant Federal Public
Defender, Columbia, South Carolina, for Appellant. John Michael
Barton, Assistant United States Attorney, Columbia, South Carolina,
for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney,
Columbia, South Carolina, for Appellee.

_____

**OPINION**

WIDENER, Circuit Judge:

This appeal is from the district court's order directing that Desmond Charles Lawrence, the defendant, be resentenced using closed circuit television technology.* The district court entered its order following our remand of the case for resentencing in United States v. Lawrence, 161 F.3d 250, 256 (4th Cir. 1998). The district court based its order on its assessment of the danger posed by transporting the defendant from the United States Penitentiary in Florence, Colorado to the district court in South Carolina. We dismiss the appeal as premature.

After a jury trial, the district court convicted and sentenced the defendant for attempted robbery and bank larceny in early 1997. Defendant appealed to this court in February 1997 challenging his conviction and sentence. We affirmed his conviction and remanded the case back to the district court for resentencing in accordance with our opinion, United States v. Lawrence, 161 F.3d 250 (4th Cir. 1998). On June 3, 1999 the district court ordered that the defendant's resentencing be conducted via closed circuit television technology, and the defendant appealed from that order. The district court stayed the resentencing pending the outcome of this interlocutory appeal.

The basic rule of 28 U.S.C. § 1291 is that finality of a judgment is a predicate for federal appellate jurisdiction. 28 U.S.C. § 1291 (stating that appellate review may be had for "all final decisions of the district courts."). Piecemeal or interlocutory appeals are disfavored in the federal courts, especially in criminal cases. See United States v. MacDonald, 435 U.S. 850, 853-54 (1978) (holding that courts of appeal have no jurisdiction for an appeal on Sixth Amendment speedy trial grounds) (quoting Abney v. United States , 431 U.S. 651, 656 (1977) (holding that the collateral order doctrine permits interlocutory appeal of an order denying a pretrial motion to dismiss an indictment

_____

*The government tells us that this technology requires that the defendant remain in Florence, Colorado for the resentencing hearing while the judge and other parties remain in South Carolina and that the video and audio equipment should allow the parties to communicate with each other simultaneously.

2

on double jeopardy grounds)). The exception to 28 U.S.C. § 1291 is the collateral order doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). That doctrine allows appellate jurisdiction for an interlocutory appeal of an order made during the course of litigation that is "related to matters outside the stream of the main action and would not be subject to effective review as part of the final judgment in the action." Parr v. United States, 351 U.S. 513, 519 (1956) (analyzing cases that fall within the exception to the finality of judgment rule). The decisions falling under the collateral order doctrine are final decisions in a sense because they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action," and which, if forced to await review until final judgment, will be lost. Cohen , 337 U.S. at 546.

Lawrence claims jurisdiction for this interlocutory appeal under the collateral order Cohen exception. Previously, we have recognized that the Court applies "the requirements of the collateral order exception to the final judgment rule . . . `with the utmost strictness in criminal cases.'" United States v. Blackwell, 900 F.2d 742, 747 (4th Cir. 1990) (quoting Flanagan v. United States, 465 U.S. 259, 265 (1984)). While the collateral order doctrine may have limited application in criminal cases, see Helstoski v. Meanor, 442 U.S. 500 (1979) (a denial of a Speech and Debate claim); Abney v. United States , 431 U.S. 651 (1977) (denial of double jeopardy claim); Stack v. Boyle, 342 U.S. 1 (1951) (an order denying a motion to reduce bail), the defendant asserts no rights that would be irrevocably lost if he awaits final judgment.

In addition, further analysis under the collateral order doctrine is unnecessary because of the rule that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Berman v. United States, 302 U.S. 211, 212 (1937); see also United States v. Baxter, 19 F.3d 155, 156 (4th Cir. 1994).

Because Lawrence has not been sentenced, we do not have jurisdiction to consider the merits of this appeal and we express no opinion thereupon.

The appeal in this case is accordingly

DISMISSED.

3