**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ZACARIAS MOUSSAOUI, a/k/a Shaqil,
a/k/a Abu Khalid al Sahrawi,
        *Defendant-Appellant.*

No. 02-6

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ZACARIAS MOUSSAOUI, a/k/a Shaqil,
a/k/a Abu Khalid al Sahrawi,
        *Defendant-Appellant.*

No. 02-7

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ZACARIAS MOUSSAOUI, a/k/a Shaqil,
a/k/a Abu Khalid al Sahrawi,
        *Defendant-Appellant.*

No. 02-8

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

ZACARIAS MOUSSAOUI, a/k/a Shaqil,
a/k/a Abu Khalid al Sahrawi,
            *Defendant-Appellant.*

No. 02-17

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-01-455)

Submitted: August 2, 2002

Decided: August 16, 2002

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Edward B. MacMahon, Jr., Middleburg, Virginia; Alan H. Yama-
moto, Alexandria, Virginia; Frank W. Dunham, Jr., Federal Public
Defender, Frances H. Pratt, Office of the Federal Public Defender,
Alexandria, Virginia, Gerald T. Zerkin, Office of the Federal Public
Defender, Richmond, Virginia, for Appellant. Paul J. McNulty,
United States Attorney, Alessandra DeBlasio, Assistant United States
Attorney, Robert A. Spencer, Office of the United States Attorney,
Alexandria, Virginia, David J. Novak, Office of the United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Zacarias Moussaoui appeals several pretrial orders entered by the district court in connection with the criminal proceedings against him. We conclude that we lack jurisdiction over these consolidated appeals and accordingly dismiss them.

## I.

Moussaoui is charged with six counts of conspiracy based upon his alleged participation in the September 11, 2001 terrorist attacks on the United States. After Moussaoui was indicted, the district court appointed counsel. Moussaoui subsequently informed the court that he wished to proceed pro se, and the district court granted this motion on June 13, 2002.

On May 3, Moussaoui filed three pro se notices of appeal challenging orders of the district court appointing counsel (Appeal No. 02-06), deferring action on Moussaoui's motion to proceed pro se (Appeal No. 02-07), and sealing certain documents submitted to the court by Moussaoui (Appeal No. 02-08). On July 5, Moussaoui filed another pro se notice of appeal (Appeal No. 02-17), challenging rulings of the district court denying his request for a change of venue, refusing to exclude standby counsel from depositions and pretrial hearings, requiring pretrial motions to be filed by July 8, 2002, and refusing to allow Charles Freeman to participate in pretrial proceedings. We consolidated all four appeals, appointed appellate counsel for Moussaoui, and directed the parties to submit briefs regarding the question of our jurisdiction over the appeals.

## II.

Our jurisdiction is generally limited to "final decisions" of the district court. 28 U.S.C.A. § 1291 (West 1993); *United States v. Law-*

*rence*, 201 F.3d 536, 537 (4th Cir. 2000) ("The basic rule of 28 U.S.C. § 1291 is that finality of a judgment is a predicate for federal appellate jurisdiction."). In the context of a criminal prosecution, a final decision is not reached until sentence is imposed. *See Parr v. United States*, 351 U.S. 513, 518 (1956).

The limitation imposed by § 1291 notwithstanding, we do possess jurisdiction over interlocutory orders that fall within the ambit of the collateral order rule of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Under *Cohen*, an interlocutory order is appealable if it "relate[s] to matters outside the stream of the main action and would not be subject to effective review as part of the final judgment in the action." *Parr*, 351 U.S. at 519. In criminal cases, an interlocutory order is appealable only if it is "(1) the trial court's complete, formal, final rejection of the claim; (2) collateral to, and separable from, the issue of guilt or innocence; and (3) an adjudication of an important right that would be lost irreparably if review awaited final judgment." *United States v. Blackwell*, 900 F.2d 742, 746-47 (4th Cir. 1990); *see, e.g.*, *Abney v. United States*, 431 U.S. 651, 662 (1977) (holding that denial of motion to dismiss indictment on double jeopardy grounds is appealable under *Cohen*). These requirements must be applied "with the utmost strictness." *Lawrence*, 201 F.3d at 537 (internal quotation marks omitted); *see DiBella v. United States*, 369 U.S. 121, 126 (1962) ("[T]he delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law.").

We conclude that none of the orders challenged by Moussaoui are final decisions under *Cohen*. Challenges related to the appointment of counsel and the right to self-representation may be reconsidered by the district court at any time and are reviewable on appeal following a conviction, and thus fail the first and third prongs of the *Cohen* analysis. *See United States v. Celani*, 748 F.2d 363, 365 (7th Cir. 1984). An order denying a change of venue is also reviewable on direct appeal. *See Blackwell*, 900 F.2d at 747. The order denying Moussaoui's motion to unseal certain documents fails all three prongs of the *Cohen* analysis: it may be reconsidered by the district court at any time; it is intertwined with the merits of the prosecution; and it is subject to review on appeal. *See United States v. Hickey*, 185 F.3d 1064, 1067 (9th Cir. 1999). Finally, the order setting a final date for pretrial

motions fails the second and third prongs of the *Cohen* analysis because (1) a party must show prejudice resulting from the imposition of such a scheduling order, *cf. Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997) (holding that party must demonstrate prejudice to prevail on appeal of refusal to extend scheduling order), which means that the issue is intertwined with the merits, *see Flanagan v. United States*, 465 U.S. 259, 268-69 (1984); and (2) such an order can be challenged effectively on appeal, *see Anwar*, 116 F.3d at 144 (considering appeal of refusal to grant extension of time to file brief).

### III.

For the reasons set forth above, we conclude, as counsel for both parties have acknowledged, that we lack jurisdiction over all of these appeals. Accordingly, we dismiss.

*DISMISSED*