**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4570**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-cr-00134-BR-1)

Submitted:  January 19, 2021                    Decided:  January 21, 2021

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Xavier Milton Earquhart, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, a jury found Xavier Milton Earquhart guilty of bank fraud, in violation of 18 U.S.C. § 1344, engaging in monetary transactions involving criminally derived property, in violation of 18 U.S.C. § 1957, and aggravated identity theft, in violation of 18 U.S.C. § 1028A, (a)(1). He received a 384-month sentence. In December 2019, we vacated his sentence and remanded to the district court for resentencing without the enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(16)(A) (2016). *See United States v. Earquhart*, 795 F. App'x 885 (4th Cir. 2019) (No. 18-4471). On remand, Earquhart moved for appointment of counsel, for judgment of acquittal on the engaging in monetary transactions involving criminally derived property convictions, for an evidentiary hearing, for resentencing based solely on his criminal history and jury verdict, revision of his presentence report, and to dismiss all convictions, vacate the final order of forfeiture, and for the return of any seized property. The district court denied the motions. Earquhart now seeks to appeal. The Government moved to dismiss the appeal for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "In the criminal context, . . . [we] generally do[] not have appellate jurisdiction until after the imposition of a sentence." *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir.), *cert. denied*, 140 S. Ct. 2553 (2020); *see United States v. Lawrence*, 201 F.3d 536, 538 (4th Cir. 2000) (explaining that a "final judgment in a criminal case means sentence. The sentence is the judgment."

2

(brackets and internal quotation marks omitted)). Because Earquhart is still awaiting resentencing, the district court's denials of his motions for acquittal, appointment of counsel, to be resentenced and have a revised presentence report, and to dismiss all counts is interlocutory are not final orders. Nor do they satisfy the criteria for the collateral order exception to the final judgment rule. *See Sueiro*, 946 at 639-40.

Moreover, as to Earquhart's challenges to the final order of forfeiture and to have seized property returned, Earquhart already litigated these issues and we concluded that Earquhart lacked standing. *See United States v. Earquhart*, 776 F. App'x 802 (4th Cir. 2019) (Nos. 19-4016, 19-4336).

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*