**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4347**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00134-BR-1)

Submitted: January 19, 2021                     Decided: January 21, 2021

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Xavier Milton Earquhart, Appellant Pro Se. Matthew Fesak, Assistant United States Attorney, William Miller Gilmore, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, a jury found Xavier Milton Earquhart guilty of several charges arising from his role in sophisticated bank fraud schemes, including bank fraud, engaging in monetary transactions involving criminally derived property, and aggravated identity theft (Counts 8 through 13). He received a 384-month sentence. In December 2019, we vacated his sentence and remanded to the district court for resentencing without the enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(16)(A) (2016). *See United States v. Earquhart*, 795 F. App'x 885 (4th Cir. 2019) (No. 18-4471). On remand, Earquhart moved for a judgment of acquittal on Counts 8 through 13, to dismiss the final order of forfeiture, and for an evidentiary hearing. The district court denied the motions. Earquhart now seeks to appeal. The Government moved to dismiss the appeal for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "In the criminal context, . . . [we] generally do[] not have appellate jurisdiction until after the imposition of a sentence." *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir.), *cert. denied*, 140 S. Ct. 2553 (2020); *see United States v. Lawrence*, 201 F.3d 536, 538 (4th Cir. 2000) (explaining that a "final judgment in a criminal case means sentence. The sentence is the judgment." (brackets and internal quotation marks omitted)). Because Earquhart is still awaiting resentencing, the district court's denial of his motion for acquittal is not a final order. Nor

2

does it satisfy the criteria for the collateral order exception to the final judgment rule. *See Sueiro*, 946 at 639-40.

Moreover, as to Earquhart's challenge to the final order of forfeiture, Earquhart already litigated this issue and we concluded that Earquhart lacks standing to appeal the final order of forfeiture. *See United States v. Earquhart*, 776 F. App'x 802 (4th Cir. 2019) (Nos. 19-4016, 19-4336).

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*